UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL D. CARTER, JR.,

　　Plaintiff,

　　v.  　　　　　　　　　　　　　　　　CAUSE NO. 3:24-CV-214-HAB-SLC

ELKHART COUNTY INDIANA, et al.,

　　Defendants.

OPINION AND ORDER

Michael D. Carter, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Carter is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Carter is being detained at the Elkhart County Correctional Facility. He claims that he was wrongfully sentenced "twice" for the same criminal offense by a judge in Elkhart County. His allegations are somewhat vague, but he includes the

docket number of the case he is referring to, and public records provide additional details about the case.[1] The public docket reflects that in May 2019, Mr. Carter pled guilty to failure to return to lawful detention. *See State v. Carter*, 20C01-1703-F6-00422 (Elkhart Cir. Ct. closed June 10, 2019). On June 10, 2019, the judge sentenced him to serve one year in prison. *Id.* (docket entry June 10, 2019). The following day, the judgment was amended to reflect that his sentence was to run consecutively to a sentence imposed for a burglary conviction in another case. *Id.* (docket entry June 11, 2019); *see also State v. Carter*, 20D02-1011-FB-35 (Elkhart Cir. Ct. closed Dec. 10, 2012).

Based on the above, Mr. Carter claims that he was punished twice for the same offense in violation of his Constitutional rights. He sues the State of Indiana, Elkhart County, the Elkhart County Court, the judge presiding over his case, the prosecutor, and his public defender. He seeks monetary damages and an order requiring that he be immediately released from custody.[2]

Mr. Carter's complaint does not state a claim upon which relief can be granted. He cannot use a federal civil rights suit to have his state conviction overturned or obtain release from custody. Instead, the sole means of challenging a state conviction in federal court is through habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Relatedly, he cannot pursue a claim for damages in this civil suit based on an allegation that his

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] The docket reflects that Mr. Carter is currently being detained on an alleged probation violation in the failure to return case. *Carter*, 20C01-1703-F6-00422 (docket entry Jan. 16, 2024.) He is also being detained in connection with a new charge of intimidation filed in February 2024. *State v. Carter*, 20C01-2402-F6-235 (Elkhart Cir. Ct. filed Feb. 23, 2024).

sentence is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such a claim cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. There is no indication from his complaint that has occurred.

Aside from these barriers, he cannot proceed against any of these defendants. His claim against the State of Indiana is barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). The prosecutor is entitled to immunity and cannot be sued for actions taken on behalf of the state in his criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The judge is also entitled to immunity, *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and his public defender is not a state actor who can be sued for constitutional violations.[3] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Elkhart County Court" is not a suable entity under Indiana law and thus cannot be sued under 42 U.S.C. § 1983. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, there is no *respondeat superior* liability under 42 U.S.C. § 1983, and Elkhart County cannot be held liable solely because it employed individuals involved with the criminal case. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nor are there allegations in the complaint to suggest he has a plausible claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

---

[3] To the extent he is suing his attorney's employer, the Public Defender's Office, this is considered an "arm of the state" under Indiana law. *Tucker v. State*, 786 N.E.2d 710, 712 (Ind. 2003). Therefore, like the State of Indiana, it has Eleventh Amendment immunity in federal court.

(1978), against the County based on this incident. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Therefore, his complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

The court considers that "[t]he favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). There is no basis to conclude that if given another opportunity, he could assert a viable constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury. Therefore, it would be futile to permit him to amend.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on April 24, 2024.

s/ *Holly A. Brady*<br>
CHIEF JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT